UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VANNESSA LUU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>　　　　Defendant. | Case No.: 5:11-CV-02133 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 46]** |

In this employment-related action brought by Plaintiff Vannessa Luu ("Plaintiff" or "Luu"), presently before the Court is Defendant Hewlett-Packard Company's ("Defendant" or "HP") Motion for Summary Judgment. See Docket Item No. 46. Having fully reviewed the parties' papers and after hearing oral arguments, the Court will grant Defendant's motion in its entirety.

**I. Background**

On or around May 2006, Defendant began to employ Plaintiff as a Contracts Manager in Defendant's Intellectual Property Licensing Group. First Am. Compl. ¶¶ 33–34, Docket Item No. 12. Later that year and into 2007 Plaintiff asserts that she engaged in an investigation of corporate misconduct including violations of financial reporting requirements, internal accounting practices,

various state and federal laws, and policies against workplace discrimination. Plaintiff prepared a report to that effect. See id. ¶¶ 38–41 & Ex. 4.

From the time of her hiring, Plaintiff reported to Michael Pierantozzi until he left HP in February 2007. Id. ¶¶ 48. By the fall of 2007 Molly Perry ("Perry") was Plaintiff's supervisor. Id. ¶ 25. In or around October 2007, Plaintiff met with Perry to request that her job be re-graded to a higher rating, which would result in an increase in her pay compensation. Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 9, Dep. of Erik Flint, at 99:14–22. Perry declined Plaintiff's request to make changes in her job code. Id. at 99:21–25. For the rest of 2007 and into 2008, Perry and other of Plaintiff's colleagues began to observe various deficiencies in Plaintiff's job performance. See Def.'s Mot. for Summ. J. 3–5 (citing specific instances which Defendant characterizes as performance deficiencies including, but not limited to, Plaintiff's failures to meet with supervisors to discuss changes in her job performance and demeanor, errors in her work product, and unhelpful attitude during transition periods).

On or around July 2008, HP's Internal Audit group began to evaluate the Intellectual Property Licensing Group as a follow-up to a 2006 Internal Audit Report which took notice of various areas of inefficiencies within the group. Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 9, Dep. of Molly Brass, at 72:25–73:4. The 2008 Internal Audit evaluation produced a report which identified various deficiencies with the Intellectual Property Licensing Group, several of which fell directly within Plaintiff's operational responsibilities. See Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 27, Internal Audit Report dated Sept. 23, 2008.

In or around August 2008 the Intellectual Property Licensing Group merged with the preexisting Intellectual Property Group. Def.'s Mot. for Summ. J. 5. As a result of this change Perry remained Director of Operations for the combined group and oversaw a total of forty-one employees while Plaintiff began formally reporting to a new direct supervisor, Dilip Phadke ("Phadke"). Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 20, Dep. of Dilip Phadke, at 25–27; id. Ex. 13, Dep. of Molly Perry, at 27. Perry asserts that she did not inform Phadke of Plaintiff's performance shortcomings upon the transition. Perry Dep., at 151:1–14. Phadke has stated that he

2
Case No.: 5:11-CV-02133 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

had observed similar performance shortcomings as Plaintiff's previous supervisors and colleagues had observed. Def.'s Mot. for Summ. J. 5–6 (describing Phadke's observations in that regard). Based on Phadke's evaluation of her performance, Plaintiff's performance review for the 2008 fiscal year was "below expectations." Phadke Dep., at 83. (For the 2007 fiscal year, Plaintiff's performance review was "met expectations." Perry Dep., at 62.)

In October 2008, the vice president supervising the combined Intellectual Property Group informed Perry that she would need to reduce the Group's headcount by about ten percent, which would be equal to four employees, as part of a Workforce Reduction Plan. Decl. of Molly Perry in Supp. of Def.'s Mot. for Summ. J. ¶ 16. On November 3, 2008, Perry submitted the rankings of the employees within the Group; Plaintiff was near the bottom of the employee rankings. Def.'s Mot. for Summ. J. 10 (citing evidence supporting this notion including depositions, emails, and the performance review form). As such, Plaintiff was one of the four names recommended for separation as part of the Workforce Reduction. Id.

On December 2, 2008 Phadke communicated the Workforce Reduction decision to Plaintiff with her separation to go into effect in February 2009; Phadke confirmed this notification in an email to Perry with a timestamp of 11:25 a.m. Decl. of Dilip Phadke in Supp. of Def.'s Mot. for Summ. J. ¶ 8; Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 47 (redeployment notification to Plaintiff). Hours after receiving this notification, Plaintiff filed a complaint with HP's Ethics and Compliance Office by sending an email with the timestamp of 1:27 p.m. to Sharon Clack; this complaint did not refer to race- or gender-based discrimination. See Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 24. Defendant asserts that this complaint "fell through the cracks." Def.'s Mot. for Summ. J. 11.

On February 5, 2009, the day before Plaintiff's actual separation date, Plaintiff's new Employee Resource designee Terri Avery reviewed her file and became aware of the complaint she had lodged on December 2, 2008. Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 22, Dep. of Dean Nakama, at 67:25-68:7. It was then determined that because there was no record of a review of the allegations in the complaint vis-à-vis Plaintiff's termination, her termination would be

3

suspended pending a full investigation of the complaint and to determine whether the decision to terminate Plaintiff's employment was made objectively and properly. Id. at 70:15–72:2. While the investigation was pending, Defendant continued to pay Plaintiff's salary in full. Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 1, Dep. of Vannessa Luu, at 214:10-12.

The investigation was led by investigators from Internal Audit (to examine the allegations of business processes and legal violations) and Employee Relations (to address the allegations of retaliation and unfair treatment). The investigation team concluded that there was no evidence to suggest that Plaintiff's separation was based on anything other than her performance to date and expected capabilities going forward. Evidence in Supp. of Def.'s Mot. for Summ. J. Ex. 11, May 2009 Draft Investigation Report; id. Ex. 12, August 2010 Investigation Report. As such, the investigation team endorsed Plaintiff's separation as part of the Workforce Reduction. Flint Dep., at 176.

Plaintiff's employment was terminated at the end of October 2009. Plaintiff's former supervisors assigned her job duties and additional responsibilities to Nina Hoang, an "Asian female" employee. Def.'s Mot. for Summ. J. 12; Phadke Dep. at 252–62.

On June 1, 2011, Plaintiff filed her First Amended Complaint which alleged seven causes of action against Defendant. See Docket Item No. 12. Four of the claims assert violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.: discrimination based on gender and race, disparate treatment, retaliation, and breach of a duty to investigation claims of discrimination. Two claims are based on Cal. Gov. Code § 12940: race- and gender-based discrimination and retaliatory employment termination. The remaining claim is for wrongful termination in violation of California public policy.

On October 30, 2012, Defendant filed its Motion for Summary Judgment, which is presently before the Court. See Docket Item No. 46. The court heard oral arguments on this motion on December 14, 2012. See Minute Entry, Docket Item No. 62.

United States District Court / For the Northern District of California

## II. Motion for Summary Judgment Standard

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134–36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III. Discussion

Plaintiff's claims are grounded in theories of gender- and race-based discrimination and disparate treatment, as well as on unlawful employment termination and retaliation. During the

hearing that took place on December 14, 2012, Plaintiff's counsel conceded that, in light of the evidence produced through the course of discovery, the claims involving discrimination and disparate treatment based on Plaintiff's race or gender were not sufficiently demonstrated. In any event, after reviewing the evidence, the Court finds that Plaintiff has failed to meet her burden of showing race- or gender-based discrimination or disparate treatment sufficient to withstand a motion for summary judgment. As such, summary judgment with regard to these types of claims—the First, Second, Fourth, and Fifth Causes of Action of the First Amended Complaint—will be granted.

To establish a prima facie case for the remaining claims, which consist of allegations of unlawful retaliation and wrongful termination, Plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). If a plaintiff meets this burden, the defendant must put forth a legitimate, non-discriminatory reason for the adverse employment action; if that is accomplished, the plaintiff must then show that the stated reason is pretext. Id.; see also Crown v. Wal-Mart Stores, Inc., 8 Fed. App'x 776, 778 (9th Cir. 2001) (holding that a plaintiff to a retaliation complaint has the burden of proving—in addition to the engagement in protected activity and the causal link between that activity and the retaliatory conduct—that the employer's explanation for the action was a pretext for the illegal consequence).

An employee-plaintiff seeking to avoid the granting of summary judgment, as Plaintiff is in this case, cannot rely on the prima facie showing; rather he or she must "must adduce substantial additional evidence from which a trier of fact could infer the articulated reasons for the adverse employment action were untrue or pretextual." Loggins v. Kaiser Permanente Int'l, 151 Cal. App. 4th 1102, 1113 (2007); Barefield v. Bd. of Trustees of Cal. State Univ., Bakersfield, 500 F. Supp. 2d 1244, 1272 (E.D. Cal. 2007) ("[T]o survive summary judgment, Plaintiff must provide sufficient facts that the alleged adverse actions materially affect the conditions of her employment, including performance or opportunity for advancement."); Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1046 (2005).

Plaintiff contends that the facts and evidence demonstrate that she has presented a prima facie case of unlawful retaliation and wrongful termination. Specifically, she contends that her employment was terminated as a direct result of her complaints about race- and gender-based discrimination and other legal violations and misconduct within the Intellectual Property Licensing Group. She further argues that Defendant's stated reason for her termination—the Workforce Reduction coupled with Plaintiff's poor performances reviews—was a pretext for the allegedly retaliatory reasons.

The Court disagrees with Plaintiff and finds that she has fallen short of her burden of establishing a prima facie case. After extensive discovery, Plaintiff has not presented sufficient evidence tending to show that she was terminated as a result of her alleged complaints. Plaintiff relies simply on conjecture and speculation: she provides, for example, no statements or conversations among the terminating parties that refer to her termination in the same context as her complaints, let alone that those complaints were the reason for her termination. See Cole v. Unites States Parcel Service, Inc., 211 Fed App'x 584 (9th Cir. 2006); Williams v. State of Calif. Dep't of Corrections, 13 Fed App'x 717 (9th Cir. 2001). In a summary judgment motion, the non-moving party may not rest upon mere allegations or denials of the moving party's evidence, but instead must point to admissible evidence that shows there is a genuine issue of material fact for trial. Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1102–03 (9th Cir. 2000); Nelson v. Pima Cmty. College Dist., 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for the purposes of summary judgment."); Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001) ("[The plaintiff's] conclusory allegations unsupported by factual data are insufficient to defeat [the defendant's] summary judgment motion."). In sum, Plaintiff has failed to present any evidence to satisfy the causal link requirement.

Defendant, in support of its motion, has presented a multitude of evidence demonstrating what it states was the reason for Plaintiff's employment termination. This evidence tends to show that her deficient job performance—completely unrelated to her alleged complaints about

7

Case No.: 5:11-CV-02133 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

discrimination and internal violations—was why she was selected for Workforce Reduction. For example, Defendant has presented, among other pieces of evidence, depositions and declarations describing in detail specific instances of Plaintiff's performance deficiencies along with reports summarizing and evaluating Plaintiff's poor performance. In addition, the report that summarized the investigation of Plaintiff's employment termination confirms that her separation was entirely the result of her unsatisfactory job performance. The investigation team—which was led by HP employees who were not part of the Intellectual Property Licensing Group or the post-merger Intellectual Property Group—concluded that her alleged complaints about discrimination or internal law violations were not the reason for her separation.

Plaintiff appears to contend that there is a question of fact as to whether the Workforce Reduction and her poor performance were the true reasons for her separation. As such, Plaintiff argues, the reasons Defendant presented for the termination of her employment were pretextual. The Court does not agree. Notwithstanding the sufficient evidence Defendant has presented in support of its Motion for Summary Judgment establishing that Plaintiff's employment was terminated because of her deficient on-the-job performance, Plaintiff has still not shown an affirmative reason for her termination beyond mere speculation or the conclusory allegation that she was terminated because of her complaints. As noted, Plaintiff has not presented sufficient evidence establishing the causal connection between those complaints and the termination of her employment. Even if Plaintiff were able to negate Defendant's stated reason for termination, doing so would not automatically lead to the conclusion that she was terminated for the reasons Plaintiff suggests she was terminated.

Accordingly, Plaintiff has failed to satisfy her burden. Summary judgment with regard to Plaintiff's claims of retaliation and wrongful termination—the Third, Sixth, and Seventh Causes of Action of the First Amended Complaint—will therefore be granted.

## IV. Conclusion and Order

For the aforementioned reasons Defendant's Motion for Summary Judgment is GRANTED in its entirety.

Since this order effectively resolves this case, all previously-set deadlines and hearings, including the trial dates, are VACATED. Judgment shall be entered in favor of Defendant and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 20, 2012



EDWARD J. DAVILA
United States District Judge